IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRANK MUCERINO et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Case No. 3:14-cv-00028 |
| ) | Judge Aleta A. Trauger |
| JASON LLOYD NEWMAN et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM and ORDER**

Plaintiffs Frank Mucerino, Laura Mucerino, and Urban Angels Music Group LLC filed this fraud action against Jason Lloyd Newman and La'Rhonda Nicole Mitchell in 2013. Default under Rule 55(a) of the Federal Rules of Civil Procedure was previously entered against both defendants: against defendant Newman for failure to answer or to file any responsive pleading (Doc. No. 79), and against defendant Mitchell for failing to otherwise defend, even though she did file an answer *pro se*. (Doc. Nos. 110, 112.) Now before the court is the plaintiffs' unopposed Motion for Default Judgment. (Doc. No. 125.) The court finds that a hearing is unnecessary. For the reasons stated below, the court will grant the motion.

I. DISCUSSION

    A. Jurisdiction

In order to render a valid judgment, a court must have jurisdiction over the subject matter and the parties and must act in a manner consistent with due process. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir.1995). With respect to a defendant who has not entered an appearance, the court must determine whether it has jurisdiction over that defendant before

entering a judgment by default against him. The failure to do so constitutes reversible error. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 845 (E.D. Mich. 2006) (citing *Dennis Garberg & Assocs. v. Pack–Tech Int'l Corp.*, 115 F.3d 767 (10th Cir. 1997)).

Defendant Mitchell answered the Amended Complaint without asserting a defense of lack of jurisdiction. The court therefore finds that it has personal jurisdiction over Mitchell. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) ("[W]here a defendant files . . . an answer, without raising the defense of a lack of in personam jurisdiction, he waives any objection to that defect.").

Regarding Newman, the Amended Complaint asserts that the court has diversity jurisdiction over this action, 28 U.S.C. § 1332(a), and alleges facts supporting diversity jurisdiction. *See Ford Motor Co.*, 441 F.Supp.2d at 846 ("Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint, including jurisdictional averments."). The plaintiffs are domiciled in Tennessee; Mitchell is a resident and citizen of California, and Newman is an individual operating a business in the state of California but residing in Jamaica. (Am. Compl. ¶¶ 1–5.) Complete diversity exists. The plaintiff alleges damages in excess of $75,000. Thus the amount-in-controversy requirement is met, and the court has subject-matter jurisdiction under 28 U.S.C. § 1332(a).

The court also has personal jurisdiction over Newman. "In a diversity action, the law of the forum state dictates whether personal jurisdiction exists, subject to constitutional limitations." *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). Tennessee's long-arm statute provides that a Tennessee court may exercise jurisdiction over an out-of-state defendant on "[a]ny basis not inconsistent with the constitution of this state or of the United States." Tenn. Code Ann. § 20-2-214(6). Accordingly, the long-arm statute has been consistently

construed to extend to the limits of federal due process. *Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 645 (Tenn. 2009).

The plaintiffs allege that defendant Newman fraudulently induced them, by telephone calls and emails with them in Tennessee, to invest in a business venture that he was promoting. In reliance upon the defendant's fraudulent statements, the plaintiffs transferred funds in the amount of $148,000 to the defendant or his agents and bought plane tickets for which they were supposed to have been reimbursed, costing $2,382. Instead of investing the funds in the alleged business venture, the defendants diverted the funds to their own use and enjoyment. The defendants failed or refused to return or repay any of the monies invested by the plaintiffs.

Again, the defendants are deemed to have admitted all of the well pleaded allegations in the complaint. *Ford Motor Co.*, 441 F.Supp.2d at 846. The allegations in the Amended Complaint are sufficient to establish that defendant Newman "purposefully avail[ed] himself of the privilege" of acting and causing a consequence in the state of Tennessee; that the cause of action arises from his activities here; and that the consequences of his actions have a substantial connection with the state. *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). The court therefore has personal jurisdiction over Newman as well.

### B. Default Judgment

The plaintiffs purport to bring their motion under Rule 55(b)(1), which allows entry of default judgment by the Clerk of Court under certain circumstances, including when a defendant "has been defaulted for not appearing." Because defendant Mitchell entered an appearance in this action, the court construes the motion as brought under Rule 55(b)(2).

Under that rule, the court may conduct an evidentiary hearing if it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2). The court finds that an evidentiary hearing is not required, because the allegations in the Amended Complaint establish damages in a "sum certain": $150,382. *See KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003) (a claim is a "sum certain" if "there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default"); 10 Moore's Federal Practice ¶ 55.22[1] (2002) ("In cases where the court has entered default judgment and the claim is for a sum certain, the court can enter the default judgment for the amount stated in the complaint.").

According to the plaintiffs, they made four separate wire transfers to the defendants, in the amounts of $20,000, $50,000, $50,000, and $28,000. In addition, the plaintiffs paid for airline tickets at a total cost of $2,382, upon verbal instructions from Newman, based upon his false representations that they would be reimbursed for that cost. None of the money was reimbursed to the plaintiffs. Although the Amended Complaint seeks damages in the amount of $150,382 plus "exemplary damages," pre- and post-judgment interest, attorney's fees, and court costs, the Motion for Default Judgment requests only compensatory damages in the "sum certain" of $150,382. Accordingly, there is no need for an accounting or for an evidentiary hearing to determine the amount of damages.

The decision to enter a default judgment under Rule 55(b)(2) lies in the district court's sound discretion. *State Farm Bank, F.S.B. v. Sloan*, No. 11-CV-10385, 2011 WL 2144227, at *2 (E.D. Mich. May 31, 2011); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2685 (3rd ed.). Such discretion is generally guided by the following factors: (1)

possible prejudice to the plaintiff; (2) the merits of the plaintiff's claim; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir.1986); *see also Marshall v. Bowles*, 92 F. App'x 283, 285 (6th Cir.2004) (citing *Eitel* and addressing factors (1)–(4)).

In light of the record as a whole, the court finds that these factors weigh in favor of default judgment. The plaintiffs' motion reiterates the facts set out in the original Complaint, which was verified (Doc. No. 1, at 16, 17), and in the Amended Complaint, which, though not verified, is supported by bank records and receipts filed with the Motion for Default Judgment (Doc. Nos. 126-1, 126-2, 126-3) and by the Affidavit of plaintiffs' counsel (Doc. No. 32). The complaint is sufficiently pleaded, and the merits of the plaintiffs' claims are strong. Both defendants were given the opportunity to appear and litigate the claims against them but have failed to do so; such failure is not attributable to excusable neglect.

The court therefore **GRANTS** the Motion for Default Judgment (Doc. No. 125). A separate order rendering judgment is filed herewith.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge